UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.: 97-3097-CIV-NESBITT

RAUL SOSA and MAURA SOSA,
his wife,

    Plaintiffs,

vs.

THE CITY OF MIAMI, etc., et al.,

    Defendants.
_____/

## PLAINTIFF'S TRIAL BRIEF ON COLLATERAL ESTOPPEL

The Plaintiff, Raul Sosa, has sued the City of Miami for, inter alia, a false arrest with respect to an incident at his home on December 29, 1995, during which City of Miami Police Officers were executing a Search Warrant. Also, The Plaintiff, Raul Sosa has sued the individual Defendant officers for excessive force arising out of that incident. He alleges that he was beaten and subdued by Officer Vera, without any justification, immediately upon the City of Miami Police Officer's entering the home to execute the warrant. Furthermore, the Plaintiff claims excessive force against Defendant Officers Diazlay, Acuna, and J.M. Garcia for a beating which occurred in the bedroom of the Plaintiff Raul Sosa's residence after he had been subdued by Defendant Vera, handcuffed, and questioned concerning the location of narcotics and other contraband.

All the parties agree that the following occurred. The Plaintiff on December 29, 1995, was arrested by Defendant Officer Vera for aggravated assault on a law

enforcement officer in violation of F.S. §784.07(c). Attached as **Exhibit "A"** to this Trial Brief is the Arrest Affidavit which asserts that as Officer Vera approached the Plaintiff Raul Sosa, Officer Vera "noticed that [Raul Sosa] had a gun in his right hand leveled at [Officer Vera]. [Raul Sosa] was subdued and placed under arrest." Attached as **Exhibit "B"** is the copy of the Order withholding adjudication arising out of this incident. Raul Sosa plead nolo contendere to a reduced charge of aggravated assault without a firearm and was sentenced to credit for the time served, the two days after the arrest before Raul Sosa was able to bond out.

The law is well settled that under no circumstances are the Plaintiff Raul Sosa's claims of excessive and force and false arrest with respect to the incident of December 29, 1995, barred by the no contest plea.

It is anticipated that the Defendant City of Miami and the individual Officers will argue that the 11th Circuit Court Appeals decision in Brown v. City of Hialeah, 30 F.3d 1433 (11th Cir. 1994) bars the Plaintiff's claims for excessive force and false arrest.

However, Defendants' reliance on Brown is seriously misplaced. It is only with regard to guilty pre-pleas that Florida appellate courts have held that "where a judgment of conviction is based upon a guilty plea . . . a defendant is estopped from denying his guilt on the subject defense and a subsequent civil action." Id., 1437 (citations omitted). However, "a no contest plea, on the other hand, represents only an accused's unwillingness to contest charges against him, and does not constitute an admission of guilt and may not be used as direct evidence of guilt in a civil suit or an administrative

proceeding." Kelly v. Dept. of Health & Rehabilitative Services, 610 S.2d 1375, 1377 (Fla. 2d DCA 1992) (cited in Brown) (emphasis supplied).

The federal decisions discussing the prohibition of permitting nolo contendere pleas to be used against the criminal defendant in subsequent civil litigation also supports the Plaintiff's position. "[T]he Rule in the 5th Circuit generally forbids the use of a plea of nolo contendere for the purposes of impeachment or to show knowledge or intent in a proceeding different from that where the plea was offered." United States v. Morrow, 537 F.2d. 120, 142 (5th Cir. 1976). In Matter of Raiford, 695 F.2d. 521, 523 (11th Cir. 1983), the 11th Circuit discussed the effect of a plea of nolo contendere in subsequent civil proceedings. In Matter of Raiford, a bankruptcy debtor had plead guilty to a bankruptcy crime which the 11th Circuit held collaterally estopped him from seeking a bankruptcy discharge. The 11th Circuit noted that a criminal defendant wishing to avoid both a trial and collateral estoppel effects may ask for court permission to plead nolo contendere. Id. at 523.

Again, in Fisher v. Wainwright, 584 F.2d 691 (5th Cir. 1978) the court discussed the effect of a state criminal proceeding on subsequent federal habeas corpus relief.

> A plea of nolo contendere, like a guilty plea, abbreviates normal trial procedure. It forecloses the admission of further evidence and enables the trial court to enter a conviction based on that plea alone. It is not, however, an admission of guilt. The nolo plea is a statement that the accused is unwilling to contest the case against him. Because of this distention, <u>the plea of nolo contendere may not be used against the defendant in subsequent civil litigation based on the same acts</u>.

-3-

CASE NO.: 97-3097-CIV-NESBITT

Id. at 693 n.3. (citations omitted) (emphasis supplied).

In conclusion, the plea of nolo contendere does not collaterally estop Raul Sosa from asserting his claims of excessive force and false arrest with respect to the execution of the Search Warrant in his home on December 29, 1995. Every court that has addressed this issue distinguishes between the nolo plea and a plea of guilty or a conviction of guilt after a trial by jury.

I HEREBY CERTIFY that a true and correct copy of the foregoing was on this 1st day of February, 2000 hand delivered to:

CHARLES C. MAYS, ESQ.
  Chief Asst. City Atty.
444 SW 2nd Avenue, Suite 945
Miami FL 33130-1910

                FULLER, MALLAH & ASSOCIATES, P.A.
                Attorneys for Plaintiffs
                1111 Lincoln Road, Suite 802
                Miami Beach FL 33139
                (305) 538-6483
                (305) 534-9894 - fax

                By: _____
                      Jeffrey A. Blaker, Esq.
                      Fla. Bar No.: 316148

W:\WPDocs\SOSA'RAU 492\Trial\TrialBrief.wpd(sp)

| CHARGES | Activity | Type | Counts | STATUTE | D.V. | |
|---|---|---|---|---|---|---|
| ASSAULT LAW ENFORCEMENT OFFICER (AGGRAVATED) | N | N | 1 | 784.07(c) | | 95-39843 |

Jensen
Hyde

3321 N W 185

Narrative: While conducting a search warrant w/ DEA. This ofc observed the Defendant running towards the kitchen area. Upon approaching the Defendant, this ofc noticed that the Defendant had a gun in his right hand leveled at this ofc. Defendant was subdued and placed under arrest.

December 95

STATE ATTORNEY COPY

EXHIBIT "A"

☒ IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT IN AND FOR DADE COUNTY, FLORIDA.
☐ IN THE COUNTY COURT IN AND FOR DADE COUNTY, FLORIDA.

388

| DIVISION | FINDING OF GUILT AND ORDER WITHHOLDING ADJUDICATION AND SPECIAL CONDITIONS | | CASE NUMBER |
|---|---|---|---|
| ☒ CRIMINAL | | | 95-39834 |
| ☐ TRAFFIC | | | |
| ☐ OTHER | | | |

THE STATE OF FLORIDA             VS.
                                 RAUL SOSA

FILED
JUL 16 1996

PLAINTIFF                    DEFENDANT

SPECIAL CONDITIONS
☒ Credit for time served
☐ Fines
☒ Costs
☐ Suspend entry of sentence
☐ OTHER

RECORDED
JUL 26 1996
Clerk of Circuit
& County Courts

IT APPEARING UNTO THE COURT that the defendant being personally before the court accompanied by his/her attorney, __C. BOSSER__ has been found guilty of the charge of __AGGRAVATED ASSAULT WITHOUT A FIREARM as reduced__

by the Court upon the entry of a nolo contendere plea and it appearing unto the court, upon a hearing of the matter, that the defendant is not likely to engage in a criminal course of conduct and that the ends of justice and welfare of society do not require that the defendant shall presently suffer the penalty imposed by law, and the Court being fully advised in the premises, it is thereupon

ORDERED AND ADJUDGED that an adjudication of guilt be, and the same is hereby stayed and withheld,

IT IS FURTHER ORDERED AND ADJUDGED that __the defendant is sentenced to CREDIT FOR TIME SERVED; to-wit: TWO (2) DAYS.__

IT IS ORDERED THAT the defendant be fingerprinted pursuant to F.S. 921.241(1).

CLK/CT 684  8/94  ic 7/18/96           Page 1 of __2__

OFF REC BK
17288PG4302

EXHIBIT "B"

..aul Sosa                                                            Case Number 95-39834

## CHARGES/COSTS

The Defendant is hereby ordered to pay the following sum if checked:

- [x] Fifty dollars ($50.00) pursuant to F.S. 960.20 (Crimes Compensation Trust Fund).
- [x] Three dollars ($3.00) as a court cost pursuant to F.S. 943.25(3) (Criminal Justice Trust Fund)
- [x] Two dollars ($2.00) as a court cost pursuant to F.S. 943.25(13) Criminal Justice Education by Municipalities and Counties.
- [ ] A fine in the sum of $ _____ pursuant to F.S. 775.0835. (This provision refers to the optional fine for the Crimes Compensation Trust Fund, and is not applicable unless checked and completed. Fines imposed as a part of a sentence to F.S. 775.083 are to be recorded on the Sentence page(s).)
- [ ] Twenty dollars ($20.00) pursuant to F. S. 939.015 (Handicapped and Elderly Security Assistance Trust Fund).
- [ ] A 10 percent surcharge in the sum of $ _____ pursuant to 775.0836 (Handicapped and Elderly Security Assistance Trust Fund).
- [x] A sum of $ 200.00 pursuant to 27.3455 (Local Government Criminal Justice Trust Fund).
- [ ] Restitution in accordance with attached order.
- [ ] Other _____

_____ Judge

### FINGERPRINTS OF DEFENDANT   MICHAEL A. GENDEN

| 1. R. Thumb | 2. R. Index | 3. R. Middle | 4. R. Ring | 5. R. Little |
|---|---|---|---|---|
| [fingerprint] | [fingerprint] | [fingerprint] | [fingerprint] | [fingerprint] |

| 1. L. Thumb | 2. L. Index | 3. L. Middle | 4. L. Ring | 5. L. Little |
|---|---|---|---|---|
| [fingerprint] | [fingerprint] | [fingerprint] | [fingerprint] | [fingerprint] |

Fingerprints taken by: _____ / _____
                              Name                        Title

I HEREBY CERTIFY that the above and foregoing are the fingerprints of the Defendant, _____ and that they were placed thereon by said Defendant in my presence in Open Court this date.

DONE AND ORDERED in Open Court in Dade County, Florida this __16th__ day of __JULY__, 19 __96__.

_____
MICHAEL A. GENDEN  JUDGE

CLK/CT 401   REV 10/94                     Page 2 of 2

OFF REC BK
17288PG4303