UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.: 97-3097-CIV-NESBITT

RAUL SOSA and MAURA SOSA,
his wife,

      Plaintiffs,

vs.

THE CITY OF MIAMI, etc., et al.,

      Defendants.

_____/

FILED by _____ D.C.

FEB - 7 2000

CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

# PLAINTIFFS' REQUESTED JURY INSTRUCTIONS

Rec'd in MIA Dkt  2/9/00

59

**PLAINTIFFS' REQUESTED JURY INSTRUCTION NO. _____**

Members of the Jury:

I will now explain to you the rules of law that you must follow and apply in deciding this case.

When I have finished you will go to the jury room and begin your discussions -- what we call your deliberations.

AUTHORITY:     11th Circuit Pattern Jury Instructions (1990)
               Basic Instruction 1

GIVEN:                    _____

GIVEN AS MODIFIED:        _____

DENIED:                   _____

WITHDRAWN:                _____

**PLAINTIFFS' REQUESTED JURY INSTRUCTION NO. _____**


In deciding the case you must follow and apply all of the law as I explain it to you, whether you agree with that law or not; and you must not let your decision be influenced in any way by sympathy, or by prejudice, for or against anyone.

In your deliberations you should consider only the evidence - that is, the testimony of the witnesses and the exhibits I have admitted in the record - but as you consider the evidence, both direct and circumstantial, you may make deductions and reach conclusions which reason and common sense lead you to make. "Direct evidence" is the testimony of one who asserts actual knowledge of a fact, such as any eye witness. "Circumstantial evidence" is proof of a chain of facts and circumstances tending to prove, or disprove, an ultimate conclusion.

Remember that anything the lawyers say is not evidence in the case. It is your own recollection and interpretation of the evidence that controls.


AUTHORITY:        11th Circuit Pattern Jury Instructions (1990)
                  Basic Instruction 2.2


GIVEN:                       _____

GIVEN AS MODIFIED:           _____

DENIED:                      _____

WITHDRAWN:                   _____

**PLAINTIFFS' REQUESTED JURY INSTRUCTION NO. _____**

Now, in saying that you must consider all of the evidence, I do not mean that you must accept all of the evidence as true or accurate. You should decide whether you believe what each witness had to say, and how important that testimony was. In making that decision you may believe or disbelieve any witness, in whole or in part. Also, the number of witnesses testifying concerning any particular dispute is not controlling. You may decide that the testimony of a smaller number of witnesses concerning any fact in dispute is more believable than the testimony of a larger number of witnesses to the contrary.

In deciding whether you believe or do not believe any witness I suggest that you ask yourself a few questions: Did the person impress you as one who was telling the truth? Did the witness have any particular reason not to tell the truth? Did the witness have a personal interest in the outcome of the case? Did the witness seem to have a good memory? Did the witness have the opportunity and ability to observe accurately the things he or she testified about? Did the witness appear to understand the questions clearly and answer them directly? Did the witness's testimony differ from other testimony or other evidence?

AUTHORITY:      11th Circuit Pattern Jury Instructions (1990)
                    Basic Instruction 3

GIVEN: _____

GIVEN AS MODIFIED: _____

DENIED: _____

WITHDRAWN: _____

**PLAINTIFFS' REQUESTED JURY INSTRUCTION NO. _____**

You should also ask yourself whether there was evidence tending to prove that the witness testified falsely concerning some important fact; or, whether there was evidence that at some other time the witness said or did something, or failed to say or do something, which was different from the testimony he or she gave before you during the trial.

The fact that a witness has been convicted of a felony offense, or a crime involving dishonesty or false statement, is another factor you may consider in deciding whether you believe his testimony.

You should keep in mind, of course, that a simple mistake by a witness does not necessarily mean that the witness was not telling the truth as he or she remembers it, because people naturally tend to forget some things or remember other things inaccurately. So, if a witness has made a misstatement, you need to consider whether that misstatement was simply an innocent lapse of memory or an intentional falsehood; and the significance of that may depend on whether it has to do was an important fact or with only an unimportant detail.


AUTHORITY:        11th Circuit Pattern Jury Instructions (1990)
                  Basic Instruction 4.2

GIVEN:                         _____

GIVEN AS MODIFIED:            _____

DENIED:                       _____

WITHDRAWN:                    _____

**PLAINTIFFS' REQUESTED JURY INSTRUCTION NO. _____**
(Burden of Proof)

In this case, each party asserting a claim or defense has a responsibility to prove every essential part of his contention by "a preponderance of the evidence." This is sometimes called "the burden of proof, or the burden of persuasion."

A preponderance of evidence simply means an amount of evidence which is enough to persuade you that a claim or contention is more likely true than not true.

Where more than one claim is involved and more than one defense is asserted, you should consider each claim and each defense separately but in deciding whether any fact has been proved by a preponderance of the evidence you may consider the testimony of all the witnesses regardless of who may have called them and all the exhibits received in evidence regardless of who may have produced them.

If the proof fails to establish any essential part of a claim or contention by a preponderance of the evidence, you should find against the party making the claim or contention.

AUTHORITY:             Standard 6.2

GIVEN:                 _____

GIVEN AS MODIFIED:     _____

DENIED:                _____

WITHDRAWN:             _____

**PLAINTIFF'S REQUESTED JURY INSTRUCTION NO. _____**

In your deliberations, you are to consider 10 distinct and separate claims. Although the claims have been tried together, each claim is to be considered separately from the others. The first two claims for your determination are the claims by Raul Sosa against the City of Miami for false arrest for the incidents of November 3, 1995 for the first claim, and on the second claim, the arrest of December 29, 1995.

The next four claims are the claims of Raul Sosa against Officers Diazlay, Vera, Acuna, and J.M. Garcia for excessive force arising out of the incident of December 29, 1995.

The last four claims are the claims of Raul Sosa against Officers Diazlay, Vera, Acuna and J.M. Garcia for a violation of his federally protected constitutional rights, what is known as a §1983 claim. Also, regarding the false arrest and excessive force claims there is a claim by Maura Sosa for loss of consortium.

AUTHORITY:

GIVEN:                          _____

GIVEN AS MODIFIED:    _____

DENIED:                        _____

WITHDRAWN:                _____

**PLAINTIFF'S REQUESTED JURY INSTRUCTION NO. _____**
(False Imprisonment)

The issues for your determination on the first and second claims of Raul Sosa against City of Miami are whether the City of Miami, through its police officers intentionally caused Raul Sosa to be completely restrained against his will first, on November 3, 1995, and then on December 29, 1995. In telling you the issues, I have used four terms which you must understand. They are "intentional restraint," "causing restraint," "complete restraint," and "restrain against one's will." I will explain those terms now:

"Intentional restraint" means this: one restrains another intentionally when he acts for the purpose of causing such restraint or with knowledge that such restraint will, to a substantial certainty, result from his acts.

"Causing restraint" means this: one causes another's restraint when his acts directly and in a natural and continuous sequence produce or contribute substantially to producing the restraint, so that it can be reasonably be said that, but for those acts, the restraint would not have occurred.

"Complete restraint" means this: the person is completely restrained when he is not free, or reasonbly believes that he is not free, to leave a place to which he has been confined. A person is not completely restrained when there is a reasonable means of escape which is apparent or known to the person.

"Restraint against one's will" means this: a person is restrained against his will when he does not consent to the restraint.

If the preponderance of the evidence does not support the claim of Raul Sosa, your verdict should be for City of Miami. However, if the preponderance of the evidence does

support the claim of Raul Sosa then your verdict should be for Raul Sosa and against City of Miami.

If the preponderance of the evidence supports the defense, your verdict should be for City of Miami.  However, if the preponderance of the evidence does not support the defense and does support the claim of Raul Sosa, your verdict should be for Raul Sosa and against City of Miami.

In regard to the defense of the City of Miami, you are instructed that under the law of the State of Florida, a police officer has the right to arrest a person without a warrant whenever the officer reasonably believes that such person has committed a felony or misdemeanor offense in the presence of the officer.

In determining whether an officer had reasonable grounds to believe that a person has committed an offense, the facts known to him need not merit the standard of conclusiveness upon which a conviction must be based; but, rather, the actions of the officer in making an arrest are to be measured by the test of what a reasonable person would have believed under the same circumstances.

An officer, in making an arrest based upon probable cause, may determine probable cause based upon facts within his own knowledge or on those communicated to him by another person or police officer.

If there is probable cause on the part of the officer to believe that an individual has committed a crime, an arrest or detention is valid notwithstanding that a different crime is actually charged by the arrest officer, or a different reason is stated by the officer for the arrest or detention.

If you find for City of Miami, you will not consider the matter of damages. But, if you find for Raul Sosa, you should award Raul Sosa an amount of money that the preponderance of the evidence shows will fairly and adequately compensate Raul Sosa for such loss, injury, or damage as the preponderance of the evidence shows was caused by the conduct complained of. If you find for Raul Sosa, you shall consider the following elements of damage:

Any injury to reputation or health, and any shame, humiliation, mental anguish and hurt feelings experienced in the past or to be experienced in the future. There is no exact standard for fixing the compensation to be awarded on account of such elements of damage. Any award should be fair and just in the light of the evidence.

Any aggravation of an existing disease or physical defect or activation of any such latent condition, resulting from the institution of such a proceeding. If you find that there was such an aggravation, you should determine, if you can, what portion of Plaintiff's condition resulted from the aggravation and make allowance in your verdict only for the aggravation. However, if you cannot make that determination or if it cannot be said that the condition would have existed apart from the institution of the proceeding, you should consider and make allowance in your verdict for the entire condition.

The reasonable expense of medical care and treatment necessarily or reasonably obtained by Plaintiff in the past.

As damages for Maura Sosa, any loss to her by reason of her husband, Raul Sosa's injury, of his services, comfort, society and attentions in the past and in the future.

If you find for Raul Sosa but find that no loss, injury or damage has been proved, you should award Raul Sosa nominal damages. Nominal damages are damages of an

inconsequential amount which are awarded when a wrong has been done but no actual

damage has been proved.

PLAINTIFF'S REQUESTED INSTRUCTION NO.: _____

The issues for your determination on the third, forth, fifth and sixth claims of Raul Sosa against Officers Vera, Diazlay, Acuna, and Garcia for excessive use of force is whether under the circumstances of this case, on December 29, 1995, they used an amount of force in effecting Raul Sosa's arrest and/or afterwards which could properly be used under the particular circumstances.

The force that may be used by a law enforcement officer when effecting an arrest or recapture, or maintaining custody of another, is that force which an ordinary, prudent, and intelligent person, with the knowledge and in the situation of the arresting officer, would have deemed necessary under the circumstances. *The justifiable use of force by a police officer is a complete defense to an allegation of battery by a police officer* Therefore, a law enforcement officer is liable for a battery committed against Plaintiff by the use of excessive force if Plaintiff shows, by the preponderance of the evidence, that Defendant used force that exceeded that which appeared reasonably necessary under the circumstances to carry out the duties imposed upon law enforcement officers by the public.

If you find that an officer did not use the proper amount of force under the particular circumstance your claim on the excessive use of force claim against that officer should be in favor of the Plaintiff, Raul Sosa.

Granted_____

Refused_____

Altered_____

Hutchinson v. Lott,
    110 So.2d 442, 444 (Fla. 1st DCA 1959)

## DEFENDANTS' PROPOSED INSTURCTION NO. ____

In order to serve a warrant, a law enforcement officer may break open any outer door, inner door or window of a house, or any part of a house or anything therein, to execute the warrant, if after due notice of the officer's authority and purpose the officer is refused admittance to said house or access to anything therein.


AUTHORITY:        § 933.09, Fla. Stat.



**PLAINTIFF'S REQUESTED JURY INSTRUCTION NO. _____**
(Damages)

If you find for all of the Defendant Officers, you will not consider the matter of damages. But, if you find for Raul Sosa on any of the claims against the officers for excessive force, you should award Raul Sosa an amount of money that the preponderance of the evidence shows will fairly and adequately compensate Raul Sosa for such loss, injury, or damage as the preponderance of the evidence shows was caused by the conduct complained of. You shall consider the following elements of damage:

Any injury to reputation or health, and any shame, humiliation, mental anguish and hurt feelings experienced in the past or to be experienced in the future. There is no exact standard for fixing the compensation to be awarded on account of such elements of damage. Any award should be fair and just in the light of the evidence.

Any aggravation of an existing disease or physical defect or activation of any such latent condition, resulting from the institution of such a proceeding. If you find that there was such an aggravation, you should determine, if you can, what portion of Plaintiff's condition resulted from the aggravation and make allowance in your verdict only for the aggravation. However, if you cannot make that determination or if it cannot be said that the condition would have existed apart from the institution of the proceeding, you should consider and make allowance in your verdict for the entire condition.

The reasonable expense of medical care and treatment necessarily or reasonably obtained by Plaintiff in the past.

As damages for Maura Sosa, any loss to her by reason of her husband, Raul Sosa's injury, of his services, comfort, society and attentions in the past and in the future.

If you find for Raul Sosa but find that no loss, injury or damage has been proved, you should award Raul Sosa nominal damages.  Nominal damages are damages of an inconsequential amount which are awarded when a wrong has been done but no actual damage has been proved.

**PLAINTIFF'S REQUESTED JURY INSTRUCTION NO. _____**

(Civil Rights against Defendant Officers - 42 USC §1983)


In this case the Plaintiff's seventh, eighth, ninth and tenth claims are that the Defendants Vera, Diazlay, Acuna and Garcia while acting "under color of state law," intentionally deprived the Plaintiff of his constitutional rights under the Constitution of the United States.

To establish these claims the Plaintiff must establish, by a preponderance of the evidence, each of the following three elements:

First, that the conduct complained of was committed by a person acting under color of state law;

Second, that this conduct deprived the Plaintiff of rights, privileges or immunities secured by the Constitution or laws of the United States; and

Third, that the defendant's acts were the proximate cause of the injuries and consequent damages sustained by the Plaintiff.

I shall now explain each of the three elements in greater detail.

Whether the Defendants committed the acts alleged by the Plaintiff is a question of fact for you, the jury, to decide. I will instruct you in a moment on how you will decide that issue. For now, assuming that the Defendants did commit those acts, I instruct you that, since the Defendants were police officers at the time of the acts in question, they were acting under color of state law. In other words, the first element is satisfied.

The second element of Plaintiff's claim is that he was deprived of a federal right by the Defendants. In order for the Plaintiff to establish the second element, he must show

these things by a preponderance of the evidence: first, that the Defendants committed the acts alleged by Plaintiff; and second, that those acts caused the Plaintiff to suffer the loss of a federal right.

The rights that the Plaintiff Raul Sosa alleges were violated by the Defendants, Diazlay, Vera, Acuna, and J.M. Garcia are as follows:

First, under 5th, and 14th Amendments to the United States Constitution, no person may be arrested without due process of law.  In other words, a person may not be arrested without probable cause for such an arrest.  This means that a police officer must have information that would lead a reasonable person who possesses the same official expertise as the officer to conclude that the person being arrested has committed or is about to commit a crime, whether in the police officer's presence or otherwise.

In the instant case, the Plaintiff claims that he was unlawfully arrested both on 11/3/95 by Diazlay and Garcia and by Vera on 12/29/95.  As already noted, you must first determine that the Defendants acted in the manner the Plaintiff alleges.  In order to determine that the acts caused the Plaintiff to suffer the loss of a federal right, specifically, here, the deprivation of liberty without due process of law due to an unlawful arrest, you must then determine whether the Defendants acted within or outside the boundaries of his or her lawful authority to make such an arrest using the reasonableness standard just enunciated.

Second, under 4th Amendment to the United States Constitution, no person may be subject to an excessive use of force by police officers when effecting an arrest or otherwise in performing his duties.  The amount of force used to effect a particular seizure must be reasonable.  IN determining whether the amount of force used in this case was reasonable,

you may consider all of the facts and circumstances, including the severity of the crime at issue, whether the suspects posed an immediate threat to the officers or others, and whether the subjects were attempting to evade or resist arrest.

The reasonableness of a particular use of force must be judged from the perspective of a reasonable officer on the scene rather than the 20/20 vision of hindsight. In determining whether the use of force was reasonable, you may consider that police officers are often forced to make split-second judgments - in circumstances that may be tense, uncertain, and rapidly evolving - about the amount of force that is necessary in a particular situation.

In this case, the Plaintiff, Raul Sosa claims the Defendants, Diazlay, Vera, Acuna, and J.M. Garcia used excessive force on December 29, 1995, in his residence.

The third element which Plaintiff must prove is that the Defendants' acts were a proximate cause of the injuries sustained by the Plaintiff.  Proximate cause means that there must be a sufficient causal connection between the act or omission of a Defendant and any injury or damage sustained by the Plaintiff.  An act or omission is a proximate cause if it was a substantial factor in bringing about or actually causing injury, that is, if the injury or damage was a reasonably foreseeable consequence of the Defendants' act or omission.  If an injury was a direct result or a reasonably probable consequence of a Defendants' act or omission, it was proximately caused by such act or omission.  In other words, if a Defendants' act or omission had such an effect in producing the injury that reasonable persons would regard it as being a cause of the injury, then the act or omission is a proximate cause.

In order to recover damages for any injury, the Plaintiff must show by a preponderance of the evidence that such injury would not have occurred without the conduct of the Defendant. If you find that the Defendant has proved, by a preponderance of the evidence, that the Plaintiff complains about an injury which would have occurred even in the absence of the Defendants' conduct, you must find that the Defendant did not proximately cause Plaintiff's injury.

A proximate cause need not always be the nearest cause either in time or in space. In addition, there may be more than one proximate cause of an injury or damage. Many factors or the conduct of two or more people may operate at the same time, either independently or together, to cause an injury.

Just because I am instructing you on how to award damages does not mean that I have any opinion on whether or not the Defendants should be held liable.

If you return a verdict for the Plaintiff, then you must consider the issue of actual damages.

If you return a verdict for the Plaintiff, then you must award him such sum of money as you believe will fairly and justly compensate him for any injury you believe he actually sustained as a direct consequence of the conduct of the Defendants.

You shall award actual damages only for those injuries which you find that Plaintiff has proven by a preponderance of the evidence. Moreover, you shall award actual damages only for those injuries which you find Plaintiff has proven by a preponderance of evidence to have been the direct result of conduct by the Defendants. That is, you may not simply award actual damages for any injury suffered by Plaintiff - you must award actual damages only for those injuries that are a direct result of actions by these

Defendants and that are a direct result of conduct by Defendant which violated Plaintiff's federal rights under color of law.

Actual damages must not be based on speculation or sympathy. They must be based on the evidence presented at trial, and only on that evidence.

If you return a verdict for the Plaintiff, but find that Plaintiff has failed to prove by a preponderance of the evidence that she suffered any actual damages, then you must return an award of damages in some nominal or token amount not to exceed the sum of one dollar.

Nominal damages must be awarded when the Plaintiff has been deprived by Defendants of a constitutional right by has suffered no actual damage as a natural consequence of that deprivation. The mere fact that a constitutional deprivation occurred is an injury to the person entitled to enjoy the right, even when no actual damages flow from the deprivation. Therefore, if you find that Plaintiff has suffered no injury as a result of the Defendants' conduct other than the fact of a constitutional deprivation, you must award nominal damages not to exceed one dollar.

**PLAINTIFFS' REQUESTED JURY INSTRUCTION NO. _____**

## Duty to Deliberate

Of course, the fact that I have given you instructions concerning the issue of Plaintiff's damages should not be interpreted in any way as an indication that I believe that the Plaintiff should, or should not, prevail in this case.

Any verdict you reach in the jury room must be unanimous.  In other words, to return a verdict you must all agree.  Your deliberations will be secret; you will never have to explain your verdict to anyone.

It is your duty as jurors to discuss the case with one another in an effort to reach agreement if you can do so.  Each of you must decide the case for yourself, but only after full consideration of the evidence with the other members of the jury.  While you are discussing the case, do not hesitate to re-examine your own opinion and change your mind if you become convinced that you were wrong.  But do not give up your honest beliefs solely because the others think differently or merely to get the case over with.

Remember, that in a very real way, you are judges.  Judges of the facts.  Your only interest is to seek the truth from the evidence in the case.

AUTHORITY:

GIVEN:                                    _____

GIVEN AS MODIFIED:         _____

DENIED:                                  _____

WITHDRAWN:                        _____

**PLAINTIFFS' REQUESTED JURY INSTRUCTION NO. _____**

### Election of Foreperson

### Explanation of Verdict Form(s)

When you go to the jury room, you should first select one of your members to act as your foreperson. The foreperson will preside over your deliberations and will speak for you here in court.

A form verdict has been prepared for your convenience.

You will take the verdict form to the jury room and when you have reached unanimous agreement you will have your foreperson fill in the verdict form, date and sign it, and then return to the courtroom.

If you should desire to communicate with me at any time, please write down your message or question and pass the note to the marshal who will bring it to my attention. I will then respond as promptly as possible, either in writing or by having you returned to the courtroom so that I can address you orally. I caution you, however, with regard to any message or question you might send, that you should not tell me your numerical division at the time.

AUTHORITY:

GIVEN:                               _____

GIVEN AS MODIFIED:          _____

DENIED:                            _____

WITHDRAWN:                     _____

## DEFENDANTS' PROPOSED INSTURCTION NO. _____
### Privilege of Law Enforcement Officer

The justifiable use of force by a police officer in arresting a felon is a complete defense to an allegation of battery by a law enforcement officer.

Therefore, you must find Defendants not liable for battery if you find that:

(1)    Defendant was a law enforcement officer at the time of the arrest.

(2)    The arrest was lawful.

(3)    The force was used because either the officer reasonably believed that it was necessary for self-defense, or to defend another from bodily harm during the arrest.

AUTHORITY:      **City of Miami v. Nelson**, 186 So. 2d 535 (Fla. 3d DCA 1966); **O'Brien v. Food Fair Stores, North Dade, Inc.**, 155 So. 2d 836 (Fla. 3d DCA 1963); **City of St. Petersburg v. Reed**, 330 So. 2d 256 (Fla. 2d DCA 1976); **Hutchinson v. Lott**, 110 So. 2d 442 (Fla. 1st DCA 1959); §776.05, Fla. Stat.

GIVEN:                    _____

GIVEN AS MODIFIED:        _____

DENIED:                   _____

WITHDRAWN:                _____

objection

**DEFENDANTS' PROPOSED INSTRUCTION NO. ____**
**Aggravated Assault on Law Enforcement Officer**

You have heard testimony that the plaintiff, Raul Sosa, was arrested on December 29, 1995, for aggravated assault on a law enforcement officer. The elements of this felony are:

(1)    Raul Sosa intentionally and unlawfully threatened, either by word or act, to do violence to a law enforcement officer.

(2)    At the time, Raul Sosa appeared to have the ability to carry out the threat.

(3)    The act of Raul Sosa created in the mind of the law enforcement officer a well-founded fear that the violence was about to take place.

(4)    The assault was made with a deadly weapon. A weapon is a "deadly weapon" if it is used or threatened to be used in a way likely to produce death or greatly bodily harm. It is not necessary to prove that the plaintiff had an intent to kill.

(5)    At the time of the assault, the law enforcement officer was engaged in the lawful performance of his duties.

The court now instructs you that a City of Miami police officers is a law enforcement officer

AUTHORITY:      §784.07(2)(c), Fla. Stat.

* objection